UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DANNY REYNOSO,

                Plaintiff,

         - against -

LOUIS DEJOY POSTMASTER GENERAL,

               Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6237 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On November 3, 2021, Plaintiff, proceeding *pro se*, filed this employment discrimination action against his employer, the United States Postal Service.  On November 29, 2021, Plaintiff paid the filing fee.  For the reasons below, Plaintiff is directed to file an amended complaint if he wishes to proceed with this action.

## LEGAL STANDARD

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation omitted).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  In addressing the sufficiency of a complaint, a court "accept[s] as true

1

all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted).

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  "[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).  Even so, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

## DISCUSSION

### I.   The Complaint Fails to State a Claim

Plaintiff commenced this action against his former employer alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* "Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e–2(a)(1)).  "Title VII thus requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him [or her] (2) because of his [or her] race, color, religion, sex, or national origin." *Id.*

Even construing Plaintiff's Complaint liberally, it does not plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Beyond selecting race and inserting "Hispanic" as the basis of discrimination on page three of his employment

2

discrimination complaint form (*see* Dkt. 1, at 3), Plaintiff has failed to allege any facts in support of his retaliation, workplace harassment, and defamation of character claims. *See Ruston v. Town Board of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief."). Rather, the Complaint references a "report of investigation," which is neither summarized nor attached. (*See* Dkt. 1, at 2–3.) Thus, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.    Leave to Amend

The Court grants Plaintiff 30 days to amend his complaint. *See* Fed R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). If Plaintiff chooses to file an amended complaint, he must do so within 30 days of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint completely replaces the original complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint.

Should Plaintiff file an amended complaint, he must satisfy the minimal filing requirements of Federal Rule of Civil Procedure 8. To aid Plaintiff with this task, the Clerk of Court is respectfully directed to provide a "Complaint under Title VII, ADA or ADEA" form to Plaintiff.

### CONCLUSION

Plaintiff is granted 30 days to amend his complaint. The Clerk of Court is respectfully directed to send a "Complaint under Title VII, ADA or ADEA" form to Plaintiff with this Order. Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

3

any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status

is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45

(1962).


SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: December 28, 2021
        Brooklyn, New York